UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

MICHAEL GRESHAM, #272603
and JOSEPH LOVE #377204,

                 Plaintiff,                Case No. 2:13-cv-221

v.                                       Honorable R. Allan Edgar

AARON YUNKER, et al.,

                 Defendants.

_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

        Plaintiffs Michael Gresham and Joseph Love, both prisoners incarcerated at the Marquette Branch Prison, filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff Gresham seeks leave to proceed *in forma pauperis*. Because Plaintiff Gresham has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff Gresham to pay half of the $400.00 civil action filing fee within twenty-eight (28) days of this opinion and accompanying order, and if Plaintiff Gresham fails to do so, the Court will order that he be dismissed from this action without prejudice. Even if the case is dismissed, Plaintiff Gresham will be responsible for payment of half of the $400.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*.  As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts."  *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).  For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint.  *Id.*  For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b).  The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit.  *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits.  Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal.  The statute does allow an exception for a prisoner who is "under imminent danger of

2

serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff Gresham has been an extremely active litigant in the federal courts in Michigan. The court has dismissed more than three of Plaintiff Gresham's actions for failure to state a claim. *See Gresham v. Caruso et al.*, No. 2:10-cv-195 (W.D. Mich. Apr. 11, 2011); *Gresham v. Paine et al.*, No. 1:10-cv-1146 (W.D. Mich. Mar. 8, 2011); *Gresham v. Caruso et al.*, No. 1:10-cv-1038 (W.D. Mich. Jan. 26, 2011); *Gresham v. Verville et al.*, No. 2:10-cv-198 (W.D. Mich. Jan. 19, 2011); *Gresham v. Mich. Dep't of Corr. et al.*, No. 2:07-cv-241 (W.D. Mich. June 9, 2008). In addition, the Court previously has denied Plaintiff Gresham leave to proceed *in forma pauperis*, *see Gresham v. Canlis et al.*, No. 2:11-cv-179 (W.D. Mich. June 9, 2011); *Dennis v. Canlis*, No. 2:11-cv-186 (W.D. Mich. June 6, 2011).

Moreover, Plaintiff Gresham's allegations do not fall within the exception to the three-strikes rule because he does not allege any facts establishing that he is under imminent danger of serious physical injury. Plaintiff's claims are somewhat difficult to decipher. However, Plaintiff states that he is on grievance restriction, and that Defendants Robert White, David Peterson, David Fhlug, and Aaron Yunker, are trying to assassinate and endanger Plaintiff by allowing Defendants White and Peterson to "work through other employees to endanger Plaintiff's life such as having

3

mental health staff forcibly treat Plaintiff with anti-psychotics against [Plaintiff's] will," which resulted in side effects. Plaintiff further claims that Defendant Peterson raped him sometime in the past and that during the rape investigation, another prisoner was killed and the death was made to look like a suicide. Finally, Plaintiff claims that he has had razors placed in his food in the past. Congress did not define "imminent danger" in the PLRA, but it is significant that Congress chose to use the word "imminent," a word that conveys the idea of immediacy. "Imminent" is "Near at hand . . . impending; on the point of happening; threatening, menacing, perilous. Something which is threatening to happen at once, something close at hand, something to happen upon the instant . . . and on the point of happening." BLACK'S LAW DICTIONARY, 514-15 (6th ed. 1991). "Imminent" is also defined as "ready to take place, near at hand, impending, hanging threateningly over one's head, menacingly near." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY, 1130 (1976). "Imminent danger" is "such an appearance of threatened and impending injury as would put a reasonable and prudent man to his instant defense." BLACK'S LAW DICTIONARY, 515 (6th ed. 1991).

In a recent decision, the Sixth Circuit recognized the standard adopted by other circuit courts:

> While the Sixth Circuit has not defined the term "imminent danger" for purposes of this section, other Circuits have held that to meet the requirement, the threat or prison condition "must be real and proximate" and the danger of serious physical injury must exist at the time the complaint is filed. *See, e.g., Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc). Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception. *Id.* Other Circuits also have held that district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are "conclusory or ridiculous," *Ciarpaglini*, 352 F.3d at 331, or are "'clearly baseless' (i.e. are fantastic or delusional and rise to the level of 'irrational or wholly incredible).'" *Gibbs v.*

4

> *Cross*, 160 F.3d 962, 967 (3d Cir.1998) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

*Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008). Thus a prisoner's assertion that he faced danger in the past is insufficient to invoke the exception. *Id.*

      Plaintiff Gresham's allegations concern past incidents of physical harm and threats. There is simply no factual basis which exists for concluding that, simply because Plaintiff Gresham was assaulted in the past, the risk of further assault is imminent. In light of the foregoing, § 1915(g) prohibits Plaintiff Gresham from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay his share of the civil action filing fee, which is $200.00. When Plaintiff Gresham pays his share of the filing fee, the Court will screen his claims as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff Gresham fails to pay the filing fee within the 28-day period, he will be dismissed from this action without prejudice, but he will continue to be responsible for payment of the $200.00.

      With regard to Plaintiff Love, the court notes that he has failed to pay the filing fee or to apply in the manner required by law to proceed *in forma pauperis*. Under the provisions of the Prison Litigation Reform Act of 1995, if a prisoner wishes to proceed *in forma pauperis*, the prisoner must file a certified copy of a prisoner trust account statement and an affidavit of indigence. 28 U.S.C. § 1915 (a)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997). Plaintiff Love has failed to file the required documents in order to proceed *in forma pauperis*. Plaintiff Love is hereby notified of the foregoing deficiencies.

      Plaintiff Love is informed that within 28 days from the date of this notice, he must submit half of the $400.00 filing fee ($200.00) or, alternatively, file the required documents to

proceed *in forma pauperis*. *See McGore*, 114 F.3d at 605.  The affidavit must include a statement of all assets Plaintiff Love possesses, a statement that Plaintiff Love is unable to pay the fee or give security therefor, and a statement of the nature of the action.  28 U.S.C. §§ 1915(a)(1) and (2). Plaintiff Love must file either Form 4 from the Appendix of Forms found in the Federal Rules of Appellate Procedure, or an affidavit containing the identical information requested in Form 4.  *See McGore*, 114 F.3d at 605.  The trust account statement must be a certified copy and must be for the 6 months immediately preceding the filing of plaintiff's complaint.  28 U.S.C. § 1915(a)(2); *See McGore*, 114 F.3d at 605.

Plaintiff Love is also notified that if he fails to pay the filing fee or to file the required documents as described above, the district court must presume that is not proceeding *in forma pauperis. See McGore*, 114 F.3d at 605.  In that case, the district court must assess half of the entire filing fee and must order Plaintiff's claims be dismissed for want of prosecution.  *See id.*  If Plaintiff Love's claims are dismissed under these circumstances, they will not be reinstated even if Plaintiff Love subsequently pays his share of the filing fee.  *See id.*

Dated: _____8/29/2013_____     _____*/s/ R. Allan Edgar*_____
                                        R. Allan Edgar
                                        United States District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**